## NAOMI LAMB v. AARON L. CLARK.

*Tenancy in common.    Condition in deed providing for the grant-*
*tor's debts and support.*

A condition, in a deed to two or more persons, that they shall pay all the grantor's debts or the deed be void, does not create a trust estate or evince a design to create an estate in joint tenancy. The grantees would, therefore, under the provisions of our statute, hold the estate as tenants in common.

Ejectment will lie for the recovery of premises conveyed by a deed with a proviso that it shall be *void* unless the grantee pays the debts of, and supports and maintains the grantor, if there be a breach or wrongful non-performance of either of the conditions.

Under such a proviso for the grantor's support, if the grantee is obliged to furnish the support elsewhere than at his own house, there will be no forfeiture on his part until he is requested to do so, or is at least notified of the grantor's need of assistance.

Under such a provision for the payment of the grantor's debts, there would be no forfeiture by the omission of the grantee to pay a debt which neither he or the grantor had been called upon and which he had never refused to pay, and by the non-payment of which the grantor had been in no way damnified.

EJECTMENT. The declaration contained two counts, one for the whole and the other for the undivided half of a certain farm in Halifax. The action was referred and the referee reported the following facts:

On the 30th of November, 1850, Ross Lamb, who then owned the premises sued for conveyed them to his sisters, Naomi Lamb the plaintiff, and Priscilla Lamb. This deed was in the usual form of warranty deeds except that after the covenants there was the following proviso, "always provided that the said Naomi and Priscilla shall pay and discharge all my just debts, otherwise this deed is to be void." On the 12th of December following Ross Lamb died, and soon thereafter the said Naomi and Priscilla began to talk with the defendant, who was living with and working for them, about taking their property, paying their debts and supporting them through life. The negotiations continued for some time, until early in February, 1851, when the following trade was closed between them: they agreed to give him all their property, real and personal, for which he agreed to maintain them through life and pay their debts, including those of Ross Lamb assumed by

them. Writings were not then made, but the defendant took possession of the farm and stock, began working for himself and made. arrangements for paying the debts. On the 29th of March, 1851, Priscilla Lamb died intestate, and no conveyance having been made to the defendant, his father at his request, on the 5th of May, 1851, took administration on her estate for the purpose of obtaining license to convey Priscilla's half of the farm to the defendant. The plaintiff at this date conveyed to the defendant one undivided half of the premises conveyed to her and her sister Priscilla by Ross Lamb by a warranty deed in the usual form, with the following condition, "always provided the said Aaron L. shall pay all my just debts and liabilities and support and maintain me in sickness and in health, in all respects through life, in a suitable, proper and comfortable manner, otherwise this deed shall be void," and in November, 1852, the administrator upon Priscilla's estate having obtained the necessary license, conveyed to the defendant the other half of the same premises with a condition that the defendant shall pay all the debts of the said Priscilla, &c.

On the 10th of November, 1852, the defendant married, and on the 10th of the following December he took his wife home. From Priscilla's death until this time and for two or three months after, he supported the plaintiff and fulfilled all his obligations towards her to her satisfaction ; and he continued to furnish board, clothing, lodging and attendance in sickness and in health, until the 1st of October, 1853, at which time the plaintiff left his house and told him that she should live with him no longer, and since that time he had neither furnished nor tendered to her any support, nor had she ever demanded any support from him. At the time of her leaving him the defendant had paid all the debts for which Priscilla and the plaintiff were liable, amounting to about eight hundred dollars, except one hundred dollars due originally from Ross Lamb to the defendant's father, which he had not.then, nor had he ever been called on to pay.

The cause of the plaintiff's leaving the defendant's house was the state of feeling which had grown up between herself and the defendant's wife. In two or three months after the defendant's wife came and took the place at the head of the household theretofore filled by the plaintiff, disagreements between them began to

arise. The plaintiff was jealous and apt to construe conduct as want of respect and consideration for her which was not so intended, and the wife was impulsive and quick to resent what she thought to be unwarrantable interference and uncalled for displeasure on the part of the plaintiff. Matters went on thus till so great a degree of mutual dislike and ill-humor existed as to destroy the plaintiff's comfort, and rendered the living of those ladies together destructive to the happiness of both, but that state of things was brought about as much by the fault of the plaintiff as of the defendant's wife.

Before the bringing of this action the plaintiff made no claim to enter into the possession of the land, nor did the parties ever talk with each other about the land after their difficulties commenced until after this suit was brought.

Upon the foregoing facts the county court, September Term, 1855, — UNDERWOOD, J., presiding, — rendered judgment, *pro forma*, for the defendant. Exceptions by the plaintiff.

———— ————, for the plaintiff.

*C. N. Davenport* and *H. E. Stoughton*, for the defendant.


The opinion of the court was delivered by

ISHAM, J. This is a action of ejectment for land in Halifax. The declaration contains two counts, in the first of which the plaintiff counts upon a title in severalty to the whole of the premises, and in the other upon a title to an undivided half. It appears in the case that one Ross Lamb was the owner in fee of these premises, and that in November, 1850, he conveyed the same to his two sisters, Naomi and Priscilla Lamb, in fee. The use of the premises is declared in the *habendum* of the deed to be to them and their heirs forever, provided they pay and discharge all the just debts of their grantor. It is insisted that under that conveyance, the grantees took an estate in joint tenancy, and that upon the decease of Priscilla Lamb, which took place in March, 1851, the title to the whole premises vested in the plaintiff in severalty, by right of survivorship. Such would be the effect at common law, if a joint tenancy was created by that deed. The

Comp. Stat. 382, secs. 2, 3, however, provides that all convey-
ances made to two or more persons shall be construed to create
estates in common and not in joint tenancy unless it be expressed
therein that the grantees shall take the land as joint tenants. It
is also provided that the act shall not extend to conveyances where
from the instrument a trust estate is created. There is certainly
in this case no expressed intention to create a joint tenancy, and in
no sense can this deed be regarded as a conveyance of these prem-
ises in trust. The premises were not conveyed to the grantees to
hold in trust for the use and benefit of the grantor or of any other
parties, but the use is expressly declared to be for the benefit of
the grantees forever. The provision that the grantees shall pay
the just debts of their grantor may operate as a defeasance or as
a condition subsequent, and their title to the land may be defeated,
possibly, by a refusal to pay the debts; but the relation of trustee
and *cestui que trust* is not created by that deed. It is a matter,
therefore, of express provision in the statute, that the grantees in
that deed take an estate as tenants in common, and not as joint
tenants. In that view of the case it is obvious that this plaintiff
cannot recover for the undivided half of this land which was
owned by her sister, Priscilla Lamb. It is not pretended that
there has been any conveyance of her right to the plaintiff, and as
tenant in common the plaintiff cannot claim her interest in the
premises by survivorship. It is unnecessary, therefore, in this
case to inquire whether the defendant has obtained a valid title to
the undivided half of the land which was owned by Priscilla
Lamb under the deed of her administrator, for whether he has
such title or not the plaintiff has shown no title to it which will
enable her to recover that portion of these premises in this action.

The whole inquiry in the case is therefore resolved into the
question whether the plaintiff can recover the undivided half of
the premises which were conveyed to her by the deed of Ross
Lamb. The defendant is in possession of the land and claims a
title to that portion of the premises under a deed from the plaintiff
to him, by which she conveyed under covenant of warranty an
undivided half of the premises, subject to the provision that the
defendant shall pay *all her just debts and liabilities*, and shall, in all
respects, through life, *give to her a suitable and comfortable support*

*and maintenance* in sickness and in health. If these conditions are not complied with it is provided that the deed shall be void. We can entertain no doubt that it was the intention of the parties that the premises were to stand as security for the performance of those conditions and that for their non-performance the plaintiff would be entitled to recover the premises at law in this form of action. The case of *Wilder* v. *Whittemore,* 15 Mass. 262, is very similar in this particular to this case, and on this point would seem to be decisive. The condition of that deed was that the mortgagor should maintain and support the demandant and her husband during their respective lives, or the deed should be void. It was held that the demandant had a right to be supported wherever she chose to live, provided they did not create needless expense ; and for any neglect to make such provision the premises could be recovered at law.

We think, however, from the facts found by the referee that the plaintiff has failed in showing a breach of any of the conditions of this deed. It is stated in the report that until the marriage of the defendant he gave to the plaintiff her support, and discharged the obligations he had assumed to her satisfaction. In October, 1853, and after the defendant's marriage, the plaintiff left the house of the defendant, saying that she should live with him no longer. The referee has found that this was occasioned by a misunderstanding between the defendant's wife and the plaintiff, and that the difficulty was such as to render their living together destructive to the happiness of both. The misunderstanding was the result, the referee states, of their mutual faults. Without saying whether the plaintiff was justified in leaving the defendant in consequence of that disagreement, or on the ground of the change in the defendant's relation by marriage, or whether she has a legal right to call for support at any other place when without any fault on the part of the defendant or his family, he offers to give the plaintiff proper support in his house, it is sufficient to observe that if she has that right it is necessary that it should appear in the case that there is on the part of the defendant a wrongful neglect to perform those conditions. The fact is found by the referee that since the plaintiff left the defendant's house she has never called for or demanded any assistance or support from the defendant nor

made any claim to the land or the possession of it until the commencement of this action. If the plaintiff leaves the house of the defendant and desires her support elsewhere, the defendant cannot be said to be in fault for not furnishing her support and maintenance until a request for that purpose has been made, or at least, until he has been notified that she is in need of it.

We think for that reason there has not been such a breach of that condition as will operate as a forfeiture of his interest in the land, neither does the case show a breach of the condition in the non-payment of the plaintiff's liabilities. There is no pretence that that ground of complaint exists except in the non-payment of a claim due the defendant's father, all other debts having been paid by him. In relation to that debt it appears that he has never been called on for payment, nor does it appear that the plaintiff has paid it or in any way been damnified in consequence of it. There has been no refusal to pay the debt by the defendant and for aught that appears the delay was by their mutual understanding. Under these circumstances we think this action cannot be sustained.

The judgment of county court is affirmed.